472

UNITED STATES, Appellee

v.

David K. KAPPLE, Airman First Class U.S. Air Force, Appellant.

No. 93–1051.
CMR S28494.

U.S. Court of Military Appeals.

Argued June 1, 1994.

Decided Sept. 22, 1994.

For Appellant: *Captain Joel R. Reifman* (argued); *Colonel Jay L. Cohen* and *Captain Robert A. Parks* (on brief); *Colonel Terry J. Woodhouse* and *Lieutenant Colonel Frank J. Spinner.*

For Appellee: *Captain Jane L. Harless* (argued); *Lieutenant Colonel Thomas E. Schlegel* (on brief); *Colonel Jeffery T. Infelise.*

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of missing movement through neglect, in violation of Article 87, Uniform Code of Military Justice, 10 USC § 887. The approved sentence provides for a bad-conduct discharge, confinement and partial forfeitures for 2 months, and reduction to the lowest enlisted grade. The Court of Military Review affirmed the findings and sentence. 36 MJ 1119 (1993).

This Court granted review of the following issue:

WHETHER THE EVIDENCE ADDUCED AT TRIAL IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR MISSING A MOVEMENT WHEN THE GOVERNMENT DID NOT AFFIRMATIVELY PROVE THAT THE SCHEDULED FLIGHT ACTUALLY "MOVED."

The undisputed facts are set out by the Air Force court as follows:

The appellant was a security policeman stationed at RAF Greenham Common, England. In late 1990, he received permanent change of station orders to Sembach Air Base (AB), Germany. The appellant took 35 days of leave at his home in Oregon incident to his permanent change of station (PCS). He was to report at Sembach AB no later than 31 December 1990. To accomplish this, he was to fly from Portland, Oregon, to London on 26 Decem-

ber 1990. He had a port call and a ticket on Lufthansa Flight 1605 from London's Heathrow Airport to Frankfurt at 1000 on 27 December 1990. It is undisputed that the appellant did not get to Sembach AB. He claimed that bad weather and the wreck of his wife's car delayed him until 31 December, when he "chose not to report to Sembach," and turned himself in at McChord Air Force Base, Washington, claiming to be a conscientious objector. He was convicted of missing movement of the 27 December 1990 Lufthansa Airlines Flight 1605 (LH 1605).

36 MJ at 1121.

At trial, Ms. Kathy Ann Contreras, the manager of the SATO Travel Office at McChord Air Force Base, testified that appellant's airline ticket was a valid commercial ticket, which he could have exchanged for a different flight. The Government would receive a refund from the airline if the ticket was not used, but appellant could not receive the refund because the ticket was paid for by a government travel request (GTR).

Ms. Judy Gail Furr, supervisor of passenger movements at McChord Air Force Base, identified appellant's airline ticket as for "Category Z travel." She testified, "It's just like you going and buying a ticket actually. It's a commercial ticket." She contrasted appellant's ticket with "Category Y" travel, where the Government purchases a block of seats on a commercial airline, which are paid for whether or not used. She testified that if a military member holding a Category Z ticket makes other arrangements, his or her reimbursement for travel is limited to the cost of the GTR. The military traffic management office would change Category Y travel arrangements, but a Category Z ticket would be changed or canceled by the SATO Travel Office or the airline itself.

In closing argument, defense counsel argued that appellant had permission to report late from a law enforcement desk sergeant at Sembach Air Base in Germany, that compliance with his orders was physically impossible, and that there had been "no showing beyond a reasonable doubt that any movement occurred." Trial counsel did not mention proof that a movement occurred in either his closing argument or his rebuttal argument.

In order to determine whether the evidence of a movement is legally sufficient, we must view the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Furthermore, we must "draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Blocker*, 32 MJ 281, 284 (CMA 1991).

The elements of missing movement by neglect are "(1) That the accused was required in the course of duty to move with a ship, aircraft or unit; (2) That the accused knew of the prospective movement of the ship, aircraft or unit; (3) That the accused missed the movement of the ship, aircraft or unit; and (4) That the accused missed the movement through design or neglect." Para. 11b, Part IV, Manual for Courts–Martial, United States, 1984. The first element requires proof that an accused had been "ordered to move aboard a *specific* aircraft or ship." *United States v. Graham*, 16 MJ 460, 464 (CMA 1983) (emphasis added).

In this case we need not determine whether flight LH 1605 actually "moved," because the Government presented no evidence that appellant was required to travel aboard that specific aircraft. In fact, the evidence is to the contrary. Because appellant was issued a "Category Z" ticket, he could exchange or cancel the ticket by dealing directly with the airline, without approval or intervention by any military official. If he failed to use the ticket, the Government would not be charged for the ticket, and the seat would be available to any other commercial passenger. There is no evidence that there would have been any impact on military operations if appellant had taken an earlier flight or used alternate means of travel to arrive at his new duty station on time. *See United States v. Gibson*, 17 MJ 143, 144 (CMA 1984) (absentee who was given ticket for commercial flight back to duty station but missed flight not guilty of missing movement). Accordingly, we hold that the Government failed to prove

that appellant was required to move with a specific ship, aircraft, or unit.

The decision of the United States Air Force Court of Military Review as to findings of guilty of an offense greater than failure to go to his appointed place of duty, *i.e.*, Sembach Air Base, Germany, in violation of Article 86(1), Uniform Code of Military Justice, 10 USC § 886(1) and the sentence is reversed. The findings of guilty of the missing movement allegation are set aside and that portion of the specification is dismissed. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Military Review. That court may reassess the sentence or order a sentence rehearing based on the affirmed findings of guilty.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.